UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD J. CLARK,
  Plaintiff,
vs.

COMMISSIONER OF SOCIAL
SECURITY,
  Defendant.

Civil Action No. 1:05-cv-258

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

  This matter is before the Court on plaintiff's unopposed motion for attorney fees under the Social Security Act, 42 U.S.C. §406(b)(1)(A). (Doc. 14). Plaintiff seeks an award of attorney fees in the amount of $7,500.00 for work done before this Court as provided for under the Act.

  Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). In determining the reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that

they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Gisbrecht*, 535 U.S. at 808.

In the instant case, the District Judge adopted the Report and Recommendation of the undersigned Magistrate Judge reversing the decision of the Commissioner and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 10, 11). Following a second hearing before the ALJ, plaintiff was found disabled as of the alleged onset date. (Doc. 14, Aff. ¶4). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of plaintiff and plaintiff's eligible family members - or $19,836.75- as a potential contingency fee to be awarded to plaintiff's counsel. (Doc. 14, Exhs. A, B, C). Counsel and plaintiff executed a contingency fee agreement for 25 percent of past due benefits. (Doc. 14, Aff. ¶1). Counsel requests a fee of $7,500.00, which is less than the full 25 percent of back due benefits in this case.

In support of the request, plaintiff submits that his counsel, Charles E. Binder, expended a total of 34.75 hours of attorney time on this case before the District Court. (Doc. 14, Exh. D). Attorney Binder states he has extensive experience in Social Security matters as outlined in the fee application. (Doc. 14, Aff. ¶8). Dividing the requested fee of $7,500.00 by the hours counsel

worked on this case produces a hypothetical fee of $215.83 per hour. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez*, 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. The Court finds the hypothetical rate of $215.00 per hour is less than twice the standard rate charged by attorneys in this area and therefore does not present a windfall in this case. *See Lee v. Javitch, Block & Rathbone, LLP*, 2008 WL 2917087, *4 (S.D. Ohio 2008) (citing 2007 Ohio State Bar Association rate survey indicating mean hourly rate for attorneys practicing in Greater Cincinnati is $217/hour, and the median is $200). In addition, there is no evidence or indication that the representation in this matter was substandard or that counsel was responsible for any delay. *Gisbrecht*, 535 U.S. at 808; *Rodriguez*, 865 F.2d at 746. Counsel achieved a good result in this case and, having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $7,500.00 is reasonable. Counsel thus should be awarded $7,500.00 in fees under §406(b)(1)(A).

The Court therefore **RECOMMENDS** that the §406(b)(1)(A) motion for attorney fees by plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED** $7,500.00 in fees.

Date: 10/7/08

/s/ Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONALD J. CLARK,
    Plaintiff,

vs.

                          Civil Action No. 1:05-cv-258

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

### NOTICE REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

4